**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

CIVIL ACTION
NO.06-10492-MLW

**ROBERT MULLIGAN**
      **Plaintiff,**

**vs.**

**MARITRANS OPERATING COMPANY L.P.,**
      **Defendant.**

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Now comes the defendant, Maritrans Operating Co., in the above-entitled actions, by and through its undersigned attorneys, Clinton & Muzyka, P.C., and respectfully requests that this Honorable Court charge the jury with the following instructions.

JONES ACT NEGLIGENCE

     Standard of Care . . . . . . . . . . . . . . . 1-5

     Notice & Opportunity . . . . . . . . . . . .   6

     Accidents  . . . . . . . . . . . . . . . . .   7

     Ordinary Risks & Hazards . . . . . . . . . . 8-11

     Causation & Burden . . . . . . . . . . . . . 12-13

     Negligence Per Se . . . . . . . . . . . . . . 14-15

UNSEAWORTHINESS  . . . . . . . . . . . . . . . . . 16-22

COMPARATIVE FAULT . . . . . . . . . . . . . . . . . 23-34

MAINTENANCE & CURE  . . . . . . . . . . . . . . . . 35-43

DAMAGES & PREJUDGMENT INTEREST  . . . . . . . . . . 44-55

By its attorneys,
**CLINTON & MUZYKA, P.C.**

<u>"/s/ Thomas E. Clinton"</u>
**Thomas E. Clinton**
**BBO No: 086960**
**Terence G. Kenneally**
**BBO No: 642124**
One Washington Mall
Suite 1400
Boston, MA  02108
(617) 723-9165

Date: November 7, 2008

## <u>INSTRUCTION #1</u>

"The Jones Act creates a cause of action for seaman injured in the course of his employment by his employer's negligence, and the parameters of that cause of action are set by the statute."

<u>Larue v. JOANN M.</u>
73 F.3d 325 (11th Cir. 1996)

## **INSTRUCTION #2**

"The Jones Act standard of care, applicable to both employers and seaman, is ordinary prudence under the circumstances."

<u>Gautreaux v. Scurlock Marine, Inc.</u>
107 F.3d 331 (5th Cir. 1997)

## <u>INSTRUCTION #3</u>

A vessel owner has no duty to train licensed seamen regarding obvious tasks or operations, such as reporting to his muster station and to stand by until officer in charge of muster station gives him an order, which are so common that they are almost universally known.

<u>Johnson v. Arctic Storm, Inc</u>.
2003 WL 24043985 (W.D.Wash), 99 Fed.Appx. 799
(9th Cir. 2004)

**<u>INSTRUCTION #4</u>**

The defendant's duty to maintain a safe workplace does not require all dangers to be eradicated, but it does demand the elimination of those that can reasonably be avoided in light of the normal requirements of the job.

<u>Stevens v. Bangor & Aroostook Railroad Company</u>
97 F.3d 594 (1st Cir. 1996)

## <u>INSTRUCTION #5</u>

A vessel owner is not a guarantor of a seaman's safety.

<u>Tate v. A/B Svenska Amerika Line</u>
331 F.Supp. 584 (E.D. La. 1970)
Aff'd 435 F.2d 172 (5th Cir. 1970)

## INSTRUCTION #6

"It is a fundamental principle that, under the Jones Act, an employer must have notice and the opportunity to correct an unsafe condition before liability will attach."

<u>Rutherford v. Lake Michigan Contractors, Inc.</u>
28 Fed.Appx. 395 (6th Cir. 2002)

<u>Perkins v. American Elec. Power Fuel Supply, Inc.</u>
246 F.3d 593 (6th Cir. 2001)

<u>Colburn v. Bunge Towing, Inc.</u>
883 F.2d 372 (5th Cir. 1989)

<u>Tran v. Captain Glyn, Inc.</u>
909 F.Supp. 727 (D.Hawaii 1995)

## INSTRUCTION #7

"A Jones Act employer is not an insurer of a seaman's safety; the mere occurrence of injury does not establish liability."

<u>Marvin v. Central Gulf Lines, Inc</u>.
554 F.2d 1295 (C.A.La. 1977)

## <u>INSTRUCTION #8</u>

The defendant is not liable merely because the plaintiff
has been injured.  If the plaintiff was injured as a
result of the normal hazards or risks of the industry,
then he is not entitled to recover any damages from the
defendant.

<u>Rush v. Cargo Ships and Tankers</u>
360 F.2d 766 (2nd Cir. 1966)

<u>Massey v. William-McWilliams</u>
414 F.2d 675 (5th Cir. 1969)

<u>Bilger v. Maritime Overseas Corp.</u>
304 F.Supp. 1024 (N.D. Cal. 1969)

## INSTRUCTION #9

There are inevitable hazards in going to sea, hazards
which are not occasioned by fault, that have to be borne
by seaman.

<u>Massey v. William-McWilliams</u>
414 F.2d 675 (5th Cir. 1969)

<u>Bilger v. Maritime Overseas Corp</u>.
304 F. Supp.  1024 (N.D. Cal. 1969)

## INSTRUCTION #10

It is a fact of common knowledge that, in almost every occupation aboard ship, there is some inherent and unavoidable risk, which does not arise out of fault.  A seaman, when he enters upon his calling, must assume all inherent and unavoidable risks of his occupation, as all persons must; and no person may recover for injuries resulting solely from such inherent and unavoidable risks.

Mitchell v. Trawler Racer
362 U.S. 539, 550, S.Ct. 926, 933, 4 L.Ed.2 941 (1960)

## INSTRUCTION #11

When the plaintiff joined the defendant's vessel, he accepted all of the obvious and well-known risks of his calling.

Roberts v. United Fisheries Vessels Co.
141 F.2d 288 (1st Cir. 1944)

## INSTRUCTION #12

In action brought pursuant to the Jones Act, the burden
rests on the plaintiff to present evidence of negligence;
the basis of liability rests on a showing of negligence,
not the fact that an injury occurred.

Britton v. U.S.S. Great Lakes Fleet, Inc.
302 F.3d 812 (8th Cir. 2002)

## <u>INSTRUCTION #13</u>

The burden is on the plaintiff to prove his negligence case by a fair preponderance of credible testimony and, if the evidence is equally divided, then the plaintiff has not sustained his burden and your verdict must be for the defendant on the cause of action for negligence.

<u>McMillan v. Marine Sulphur</u>
607 F.2d 1034 (2nd Cir. 1979)

## <u>INSTRUCTION #14</u>

For a violation of a safety statute to be relevant to
these facts, the plaintiff must prove that (1) the
defendant violated a safety statute, (2) he was in the
class of intended beneficiaries of the safety statute,
(3) he sustained injuries of a type against which the
statute is designed to protect, (4) the defendant was not
excused for the violation, and (5) the violation was the
cause of the harm he sustained.

<u>Fuszek v. Royal King Fisheries, Inc.</u>
98 F.3d 514 (9th Cir. 1996)

## INSTRUCTION #15

The plaintiff is charged with the responsibility of
proving that the statute allegedly violated by the
defendant was "designed to protect against the type of
injury" that he suffered, and further that his injuries
resulted as a consequence of the alleged violation.

Moody v. Boston & Maine Corp.
921 F.2d 1, 4 (1st Cir. 1990)

## INSTRUCTION #16

"The owner of a vessel is not required to furnish an accident-free ship.  The duty of the owner is only to furnish a vessel and appurtenances reasonably fit for their intended use and a crew that is reasonably adequate for their assigned tasks.

Bommarito v. Penrod Drilling Corp.
929 F.2s 186 (5th Cir. 1991)

## __INSTRUCTION #17__

"A vessel is not called upon to have the best appliances
and equipment, or the finest of crews, but only such gear
that is reasonably proper and suitable for its intended
use and a crew that is reasonably adequate."

<u>Bommarito v. Penrod Drilling Corp</u>.
929 F.2s 186 (5th Cir. 1991)

## INSTRUCTION #18

The warranty of seaworthiness does not require that a seaman be furnished an accident-proof ship, nor does it make the shipowner an insurer of the seaman's safety.

Mitchell v. Trawler Racer, Inc.
362 U.S. 539 (1960)

## **INSTRUCTION #19**

"To satisfy the warranty of seaworthiness, a shipowner is not required to furnish the best possible ship, gear, or equipment but must simply furnish a ship, gear and equipment which is reasonably fit and suitable for its intended purpose."

<u>Morton v. Berman Enterprises, Inc</u>.
669 F.2d 89 (2nd Cir. 1982)

## INSTRUCTION #20

The standard under the warranty of seaworthiness is not
perfection, but reasonable fitness; not a ship that will
weather every conceivable storm or withstand every peril
of the sea, but a vessel reasonably suitable for her
intended service.

Boudin v. Lykes Brothers Steamship Co., Inc.
350 U.S. 811 (1955)

## <u>INSTRUCTION #21</u>

In order to prove a claim of unseaworthiness, the plaintiff must show that the unseaworthy condition of the vessel was the proximate or direct and substantial cause of his injuries.

<u>Brophy v. Lavigne</u>
1987 A.M.C. 900 (1st Cir. 1986)

## **INSTRUCTION #22**

Unseaworthiness is a proximate cause of injury or damage
if it played a substantial part in brining about the
injury or damage.

*Pattern Jury Instructions, Civil Cases*
Ninth Circuit (1993)

## INSTRUCTION #23

"Contributory negligence has been defined as the failure to use due care for one's own safety – that is, the care that a reasonably prudent person would have exercised under the circumstances.  Every person, the plaintiffs included, has a legal duty to make reasonable use of his own senses in order to avoid injury to himself, and failure to do so is contributory negligence as a matter of law.  A reasonable person exercises due care with respect to his work place and working methods and may not act in disregard of his own safety."

Koerner v. Club Mediterranee
833 F.Supp. 327 (S.D.N.Y. 1993)

## INSTRUCTION #24

Contributory negligence has been defined as the failure to use due care for one's own safety.

Karvelis v. Constellation Lines, S.A.
806 F.2d 49 (2nd Cir. 1986)

## INSTRUCTION #25

"A plaintiff is contributory negligent when his conduct
falls below the standard to which he is required to
conform for his own protection.  That standard is that of
a reasonable person under like circumstances.  Plaintiff's
negligence is 'disregard for his own safety and not
necessarily such as threatens to invade any of defendant's
legal rights.  Contributory negligence does not involve
breach of any duty owed to others but, rather a failure
reasonably to safeguard one's own person or property.
Failure to act as one should may constitute contributory
negligence."

S.C. Loveland, Inc. v. East West Towing, Inc.
608 F.2d 160 (5th Cir. 1979)

## INSTRUCTION #26

"Generally, it has been said that contributory negligence
is the neglect of the duty imposed upon a person to
exercise ordinary care for his own protection and safety
which is a legally contributing cause of an injury.  In
determining whether an injured person has been guilty of
contributory negligence the standard of conduct to which
he must conform is that of a reasonably prudent person
under the circumstances.  If a person by his own action
subjects himself unnecessarily to danger which should have
been anticipated and is injured thereby he is guilty of
contributory negligence.  But this does not mean that the
burden must be discharged by the defendant's own evidence,
for he may avail himself of any evidence supplied by the
plaintiff which bears on the issue, and contributory
negligence may in fact be established by the plaintiff's
evidence alone."

Mroz v. Dravo Corporation
429 F.2d 1156 (3rd Cir. 1970)

Wilson v. Twin Rivers Towing Co.
413 F.Supp. 154 (W.D.Pa. 1976)

## INSTRUCTION #27

If you find that the plaintiff was contributory negligent, you will state the percentage by which his negligence contributed to his injuries.

<u>United States vs. Reliable Transfer Co.</u>
421 U.S. 397 (1975)

## INSTRUCTION #28

As a crewmember, the plaintiff had a continuing duty to exercise ordinary care in selecting a safe manner of working when one was readily available.  His failure to do so presents a basis for a finding of contributory negligence.

Hussein v. Isthmian Lines. Inc.
405 F.2d 946 (5th Cir. 1968)

Nicroli v. Den Norske etc.
332 F.2d 651 (2nd Cir. 1964)

## INSTRUCTION #29

If you find that the plaintiff chose to perform tasks in a manner that placed himself in danger, then you must find that he was contributory negligent in causing his own injuries.

Wilson v. Maritime Overseas Corp.
150 F.3d 1 (1st Cir. 1998)

Burden v. Evansville Materials, Inc.
840 F.2d 343 (6th Cir. 1988)

## INSTRUCTION #30

It cannot be said that it is ordinarily presumed or intended that a seaman aboard ship will perform his tasks or conduct himself negligently.  Therefore, it is not the duty of the vessel owner to provide a ship which is safe for the negligent seaman.  The vessel owner must only provide a ship reasonably safe for the seaman who exercises ordinary care.

Tarabochia v. Johnson Line, Inc,
440 P.2d 187, 1968 AMC 1167 (Wash. 1968)

## <u>INSTRUCTION #31</u>

Contributory negligence is a failure on the part of the plaintiff himself to use the care and skill of a reasonable competent crewmember and seaman under the circumstances for his own safety at the time and place in question.  It is the fault on the part of the plaintiff which cooperates in some degree with the negligence of another to produce the injury complained.  It may consist of acts of omission or commission.

<u>Alverez v. J. Ray McDermott and Co.</u>
674 F.2d 1037 (5th Cir. 1982)

## INSTRUCTION #32

The plaintiff is comparatively at fault for his injuries
if his actions or failure to act played any part, even the
slightest, in producing the injuries for which he seeks
damages.

<u>Norfolk Southern Railway Co. v. Sorrell</u>
127 S.Ct. 799, 166 L.Ed.2d 638 (2007)

## __INSTRUCTION #33__

If you find that the plaintiff's injuries were due in part to his own failure to act as reasonable and prudent seaman, then any finding for him will be reduced by an appropriate discount for such conditions.

<u>Evans v. S.J. Groves and Sons Co.</u>
315 F.2d 335 (2nd Cir. 1963)

### INSTRUCTION #34

If you find that the plaintiff was contributory negligent, that will not prevent recovery from the plaintiff.  It only reduces the amount of plaintiff's recovery.  In other words, if you find that the accident was due partly to the fault of the plaintiff – that his own negligence was, for example, 10% responsible for her injuries – then you will fill in that percentage as your finding on the special verdict form I will explain in a moment.  I will then reduce the plaintiffs' total damages by the percentage that you insert.  Of course, by using the number 10% as an example, I do not mean to suggest to you any specific figure.  If you find that the decedents were negligent, you might find any amount from 1% to 99%.

Pattern Jury Instructions
United States District Court, District of Maine

## INSTRUCTION #35

Cure is the traditional form of compensation paid to a seaman who becomes ill or injured aboard a vessel.  The duty of paying cure falls to the owner of the vessel.

Whitman v. Miles
387 F.3d 68, 71-72 (1st Cir. 2004)

## __INSTRUCTION #36__

Cure is the right to necessary medical expenses incurred
during the period of recovery.

<u>Whitman v. Miles</u>
387 F.3d 68, 71-72 (1st Cir. 2004)

## INSTRUCTION #37

A vessel owner's obligation to furnish cure continues
until the seaman's condition reaches maximum medical
improvement.  When a seaman's condition has stabilized and
further progress ended short of a full recovery, the
seaman is no longer entitled to cure.

<u>Whitman v. Miles</u>
387 F.3d 68, 71-72 (1st Cir. 2004)

## INSTRUCTION #38

A vessel owner is not required to satisfy costs, pursuant to its cure obligation, for treatment that does not cure an underlying condition.

Lindgren v. Shepard S.S. Co.
108 F.2d 806, 807-08 (2d Cir. 1940)

Brown v. OMI Corporation
1994 WL 39026 (S.D.N.Y. 1994)

Desmond v. United States
217 F.2d 948, 950 (2d Cir. 1954)

*Stewart v. Waterman Steamship Corp.*
288 F.Supp. 629, 634 (E.D.La. 1968)

*Pelotto v. L&N Towing Company*
604 F.2d 396, 400 (5th Cir. 1979)

Cox v. Dravo Corporation
517 F.2d 620, 626 (3rd Cir. 1975)

Travis v. M/V RAPIDS CITIES
315 F.2d 805, 810-11 (8th Cir. 1963).

## INSTRUCTION #39

Corollary to the defendant's obligation to provide cure,
the defendant is entitled to monitor the seaman's medical
condition to determine when cure has occurred.

<u>Rowan Cos. V. Griffin</u>
876 F.2d 26, 28 (5th Cir. 1989)

## INSTRUCTION #40

It is a seaman's burden to produce the documentation
necessary to support his claim for cure benefits, and to
attend scheduled Independent Medical Examinations.

Rowan Cos. V. Griffin
876 F.2d 26, 28 (5th Cir. 1989)

McWilliams v. Texaco, Inc.
781 F.2d 514, 519 (5th Cir. 1986)

Gregg v. Weeks Marine, Inc.
2000 WL 687719 (E.D.La.)

## INSTRUCTION #41

Although a vessel owners owes cure to seaman who becomes ill or injured while in the service of its vessel, the vessel owner need not immediately commence payments.  The vessel owner is entitled to investigate and require corroboration of the claim.

Morales v. Garijak, Inc.
829 F.2d 1355, 1358 (5th Cir. 1987)

Proshee v. Tidewater Marine, Inc.
927 F.Supp. 959 (E.D.La. 1996)

## <u>INSTRUCTION #42</u>

In order to prove their failure to pay a cure claim, the plaintiff has the burden of establishing that the defendant was callous, willful, or recalcitrant in withholding cure payments.

<u>Whitman v. Miles</u>
387 F.3d 68, 71-72 (1st Cir. 2004)

## <u>INSTRUCTION #43</u>

Punitive damages are not recoverable in an action under
General Maritime Law for willful failure to pay
maintenance and cure.

<u>Miles v. Apex Marine Corp</u>.
498 U.S. 19, 111 S.Ct. 317, 112 L.Ed.2d 275 (1990)

<u>Guevara v. Maritime Overseas Corp</u>.
<u>59 F.3d 1496 (5th Cir. 1995)</u>

<u>Glynn v. Roy Al Boat Management Corp.</u>
<u>57 F.3d 1495 (9th Cir. 1995)</u>

## INSTRUCTION #44

In determining the amount of damages recoverable by the plaintiff, you should not assume that any damages are recoverable.  Damages must be proven by plaintiff by a preponderance of the evidence.  If you find that plaintiff has failed to prove by a preponderance of the evidence a particular claimed element of damages, you may not make any award of damages for that type of loss.  Similarly, if you find that plaintiff has failed to prove any damages, you may find that no damages are recoverable.

DoCarmo v. F.V. Pilgrim I Corp.
612 F.2d 11 (1st Cir. 1979)

## __INSTRUCTION #45__

If you find that the defendant is liable, you must award
the amount you find by a preponderance of the evidence as
full and just compensation for the plaintiff's damages.
Compensatory damages are not allowed as a punishment
against the defendant.  Such damages cannot be based on
speculation, for it is only actual damages – what the law
calls compensatory damages – that are recoverable.

<u>Miles v. Apex Marine Corporation</u>
99 U.S. 19 (1990)

## INSTRUCTION #46

"While great power is vested in a jury, right of jury to
fix amount of damages is not arbitrary or unlimited.  Even
though there is no specific rule by which damages for pain
and suffering are to be found, they may not be determined
by speculation, passion or prejudice.  Damages must be
reasonable."

Filkins v. McAllister Brothers, Inc.
695 F.Supp 845 (E.D.Va. 1988)

## <u>INSTRUCTION #47</u>

"In considering the amount of an award, it must be
remembered that the verdict is not subject to federal or
state income taxes.  Particularly in attempting to
calculate a sum for lost wages, it must be remembered that
the injured worker's lost wages would have been diminished
by state and federal income taxes.  Moreover, workers
often incur unreimbursed costs, such as transportation to
work and uniforms, that the injured worker will not incur.
Hence, the first stage in calculating an appropriate award
for lost earnings is a determinator of what the earnings
would have been."

<u>Filkins v. McAllister Brothers, Inc.</u>
695 F.Supp 845 (E.D.Va. 1988)

## <u>INSTRUCTION #48</u>

You may not base your verdict, either on liability or damages, upon sympathy for the plaintiff.

<u>Pearsall v. Emhart Industries, Inc.</u>
99 F.Supp. 267 (D.PA 1984)

<u>Laaperi v. Sears Roebuck & Co., Inc</u>.
787 F.2d 726 (1st Cir.1986)

## INSTRUCTION #49

You may award a sum to compensate the plaintiff for any conscious pain and suffering as a result of the defendant's actions.  Even though it is obviously difficult to establish a standard of measurement for these damages, that recovery is not grounds for denying a recovery on this element of damages.  You must, therefore, make the best and most reasonable estimate you can, not from a personal point of view, but from a fair and impartial point of view, attempting to come to a conclusion that will be fair and just to all of the parties.

Pattern Jury Instructions
U.S. District Court, District of Maine

## INSTRUCTION #50

Any verdict you might award the plaintiff is not subject
to taxes under the federal or state income tax laws.

Norfolk & Western R.R. Co, v. Liepelt. Adm.
444 U.S. 490, 100 S.Ct. 755, 62 L.Ed. 2689 (1980)

Domeracki v. Humble Oil & Refining Co.
443 F.2d 1245, 1251 (3rd Cir. 1971)

## INSTRUCTION #51

A jury may not abandon analysis for sympathy for a
suffering seaman and treat as though it were a winning
lottery ticket.

Scala v. Moore McCormack Lines, Inc.
985 F.2d 680 (2nd Cir. 1993)

## **INSTRUCTION #52**

If you find that the defendant is liable, you must award
the amount you find by a preponderance of the evidence as
full and just compensation for the plaintiff's damages.
Compensatory damages are not allowed as a punishment
against the defendant.  Such damages cannot be based on
speculation, for it is only actual damages – what the law
calls compensatory damages – that are recoverable.

Miles v. Apex Marine Corporation
99 U.S. 19 (1990)

## __INSTRUCTION #53__

You may not base your award, if any, based upon passion or sympathy for the plaintiff.

<u>Edwards v. Sears, Roebuck & Company</u>
512 F.2d 276 (1975)

## INSTRUCTION #54

Prejudgment interest is unavailable under the Jones Act.

Borges v. Our Lady of the Sea Corp.,
935 F.2d 436, 443 n.1 (1st Cir. 1991)

## INSTRUCTION #55

In an unseaworthiness case, prejudgment interest can be awarded for past lost wages, past medical expenses, and past pain and suffering with the start of trial date being the usual cutoff. The jury must decide whether to award such prejudgment interest.

Robinson v. Pocahontas, Inc.,
477 F.2d 1048, 1053 (1st Cir. 1973).