UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROBERT MULLIGAN, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 06-10492-LTS |
| MARITRANS OPERATING CO., | ) ) ) | |
| Defendant. | ) ) | |

ORDER ON MOTION FOR RECONSIDERATION
OF ORDER ON REQUEST FOR PUNITIVE DAMAGES
AND ATTORNEY'S FEES

July 30, 2010

SOROKIN, M.J.

On May 12, 2010, the Court issued a Memorandum and Order finding that defendant had acted in a willful and wanton manner from May 2, 2007, to November 26, 2007, in refusing to provide authorization for plaintiff's left-shoulder surgery without justification. On May 24, 2010, defendant filed a motion for reconsideration. For the reasons set forth below, the motion will be ALLOWED.

DISCUSSION

The Court assumes the reader's familiarity with the underlying facts, which are summarized in the Memorandum and Order at Docket # 152. After reviewing the factual history, the Court wrote,

> The Court finds that after defendant received Dr. Bowman's reports of pain in
> Mulligan's left shoulder in late 2005, defendant was not initially "callous, willful,

> or recalcitrant" in questioning the cause of Mulligan's injury.  In the nine months since the onboard incident (with the exception of his presenting notes to the hospital in Pennsylvania on the day after the incident, and in his first meeting with Dr. Bowman on March 7, 2005),  Mulligan had not complained of left shoulder pain.  In addition, his left shoulder tested as a five out of a possible five in July of 2005.  Mulligan has not pointed to any mention of pain in his left shoulder until it resurfaces at his work hardening therapy on November 16, 2005, after it was reported that his right shoulder had vastly improved.
>
> Given the length of time since the incident onboard, and the absolute dearth of evidence in Mulligan's medical records indicating that he had experienced consistent problems with his left shoulder, defendant can hardly be labeled as "callous" for seeking further information as to why Mulligan experienced sharp pain in his left shoulder during the work hardening therapy.  Defendant also had questions as to whether Mulligan was at the scene of the fire, and/or whether he had disobeyed orders, rendering him ineligible for Cure.  After defendant received the appropriate medical authorizations, it approved the left shoulder MRI on June 21, 2006 (albeit with a hearing date looming).
>
> After the MRI, defendant continued to question Mulligan's purported left shoulder injury, for the same reasons stated above.  After Mulligan agreed to submit to an IME conducted by defendant's choice, Dr. Ritter, defendant was informed by Dr. Ritter that it appeared that Mulligan's left shoulder injuries were a result of the onboard incident.  On November 15, 2006, defendant approved physical therapy for Mulligan's left shoulder.  However, in the meantime, Dr. Bowman had concluded that physical therapy was no longer an option, and that surgery was the best route for treatment.  When faced with the request for approval of a surgical consult, defendant requested further medical records.  There is no evidence that defendant acted in a callous manner, especially given the change in suggested treatment. . . .
>
> Although defense counsel had earlier indicated that approval for the surgery might be forthcoming, in April of 2007, defense counsel informed Mulligan's counsel that the request for surgery would be considered only after the depositions of Cary and Schwartstein.  The Court finds that the defendant's desire to hear from those witnesses, particularly in light of the six-week delay from February to March of 2007, does not reflect callous or recalcitrant behavior on defendant's part.

Memorandum and Order of May 12, 2010 (Docket # 152)  at 8-10.

However, the Court found that as of May 2, 2007, defendant's delay was no longer justified.  The Court noted that defendant became "unresponsive" to Mulligan's counsel's

2

numerous communications. Id. at 10. The Court further noted that "Defendant offers no explanation for the lapse in time between May of 2007 and November 26, 2007, nor does it offer any evidence that it had a valid counter-argument to Mulligan's counsel's conclusions regarding the depositions." Id. at 11. The Court determined that "given defendant's unexplained refusal to pay for the surgery and failure to respond to counsel's requests from May until November of 2007, this is an appropriate case [for punitive damages]," id. at 11, and reiterated that its conclusion was based on defense counsel's "complete lack of explanation." Id. at 12. The Court instructed counsel to submit briefs regarding the appropriate award amount for punitive damages and attorney's fees. Id.

On May 24, 2010, defendant filed a motion for reconsideration of the Court's May 12, 2010 Memorandum and Order. In general, a motion for reconsideration should only be granted where there is newly discovered evidence, where there has been an intervening change in the law, or where the original decision was based on a manifest error of law or was clearly unjust. See United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009). Here, Defendant notes that the Court found defendant's delay in authorizing the shoulder surgery justified up until May 2, 2007. Defendant argues that the Court's conclusion that defendant is nonetheless liable from May 2, 2007 to November 26, 2007 is inconsistent with the Court's finding of reasonable conduct prior to May 2, 2007.

As defendant notes, the Court found that defendant was not willful, wanton, callous or recalcitrant in striving to ensure that the plaintiff's shoulder injury did in fact arise within the scope of his service on the ship. What the Court felt was problematic was the fact that, based on the record before the Court, the defendant apparently was suddenly unresponsive to plaintiff's

counsel starting on May 2, 2007, with no explanation or action until November of 2007.

Defendant now, for the first time, argues that the Court should not credit plaintiff's counsel's depiction of Cary's and Schwartstein's depositions. Defendant notes that Schwartstein testified that he did not see plaintiff until after the fire was out. Docket # 155 at 7, and that Chief Engineer Cary testified that he did not recall plaintiff's presence at the fire. Id. at 10. Moreover, another witness, Taylor Watson, who was not deposed until August 27, 2007 (during the period that the Court initially found defendant to be non-responsive), stated that he never saw plaintiff at the scene of the fire. Id. at 11. Defense counsel now points out that "[a]s of November 26, 2007, not one person present at the scene of the fire had testified that the plaintiff had ever handled the fire hose or that he injured his shoulder doing so." Clinton Decl. ¶ 5.

In addition, for the first time, defense counsel makes it clear that he was not, as the record previously indicated, completely non-communicative with plaintiff's counsel during the period from May 2, 2007, to November 26, 2007. Defense counsel states (and, in his opposition, plaintiff's counsel has not denied) that he had numerous discussions about surgical authorization and the investigation of plaintiff's claim between May and November of 2007, and that "[i]n those discussions, Maritrans declined authorization pending further depositions of eyewitnesses to the fire." Id. ¶ 3.

In its opposition to the motion for reconsideration, plaintiff argues that the Court has already "provided a full and complete opportunity for each side to be heard with respect to its position on punitive damages/attorney's fees." Opp. at 3. While the Court agrees that defendant should have made the record clear on the first round of briefing, it is also true that the focus of the Court's inquiry was not known by the parties until the Court issued its Order on May 12, 2010.

In any event, the determination as to whether plaintiff is entitled to punitive damages and attorney's fees is an issue of such importance that it should not be decided on a technicality. Therefore, the Court will consider the defendant's newly-proffered arguments that it was not unresponsive to plaintiff from May until November of 2007.

Based on the above, the Court extends its previous determination that defendant did not act willfully, wantonly, or callously prior to May 2, 2007, and finds that defendant at no time prior to November 26, 2007, when it authorized the surgery, did defendant act willfully, wantonly, or callously.

## CONCLUSION

For the foregoing reasons, the Court <u>ALLOWS</u> defendant's motion for reconsideration. The Court finds that plaintiff is not entitled to collect punitive damages or attorney's fees. In the Court's view, this Order resolves all remaining issues, and this matter may now return to the Court of Appeals.

SO ORDERED.

/s / Leo T. Sorokin
UNITED STATES MAGISTRATE JUDGE